

# THE ATTORNEY GENERAL
# OF TEXAS

C. MANN
XXXXXXXXXXX
ORNEY GENERAL

AUSTIN 11, TEXAS

Honorable M. O. Flowers
Secretary of State
Travis County
Austin, Texas

Dear Sir:                    Attention of Will Mann Richardson

                             Opinion No. 0-2452
                             Re: Requirement as to location of principal place
                                 of business of a corporation.

This will acknowledge receipt of your letter of June 6, 1940, in which
you request the opinion of this department upon the question therein presented.
The pertinent parts of your letter are:

> "Frequently corporations that have given their principal place of
> business in one town change their principal place of business to another
> town, and in such cases we require that the charter be amended show-
> ing that change.

> "We have an instance, however, in which a charitable and benevolent
> corporation has this provision in its charter:

>> "'The general chapter of this order is to be located and have
>> its principal office at Fort Worth, Tarrant County, Texas, with
>> such subordinate chapters over the State of Texas as within the
>> judgment and under the by-laws of this corporation it may be ex-
>> pedient to organize.'".

You correct the last paragraph above quoted by your letter of June 10, 1940,
in which you advise:

> "The secretary and the head of the corporation do not live in Fort
> Worth, but the annual three day convention of the corporation is held
> in Fort Worth, where all records are kept. All of the business of
> the corporation is done at that time. The secretary does carry or
> correspondence from another city, however."

You desire to know whether or not, under the circumstances mentioned, the
corporation would be required to file an amendment to its charter.

Article 1304 of the Revised Civil Statutes enumerates the information which must be contained in a charter of a private corporation. Among such requirements is found Section 3 thereof which reads:

"The place or places where its business is to be transacted."

The quotation from your letter of June 6, 1940, hereinabove taken from the charter fulfills this requirement.

It was held in the case of Sanders vs. Farmers' State Bank, 228 SW 635, that the residence of a corporation is in the state and county where its principal office is located. This principle of law was re-affirmed in the case of Pittsburg Water Heater Company vs. Sullivan, 282 SW 576.

A careful examination of the Texas Statutes reveals no requirement that the officers of a corporation must reside in the city where the principal place of business of the corporation is.

Under the facts presented to us, we cannot hold, as a matter of law, that the fact that the secretary of the corporation in question lives in a city other than the city of the principal place of business of such corporation is sufficient to require an amendment to the corporate charter.

Yours very truly

APPROVED JUNE 27, 1940
Gerald C. Mann
Attorney General of Texas

ATTORNEY GENERAL OF TEXAS

By    Lloyd Armstrong
         Assistant

LA:aw:ml